UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:24-cv-887

THE OPAL AT NAPLES LLC N/K/A THE ELITE ALF AT NAPLES LLC AND 2626 MANAGEMENT LLC,
    *Plaintiffs,*

vs.

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,
    *Defendant.*
_____/

## COMPLAINT

Plaintiffs, THE OPAL AT NAPLES LLC N/K/A THE ELITE ALF AT NAPLES LLC AND 2626 MANAGEMENT LLC ("Plaintiffs"), by and through their undersigned counsel, hereby sue Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST ("Defendant"), and allege as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action for damages under the National Flood Insurance Act as codified in 42 U.S.C. § 4001 et seq.

2.    This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1402 as Plaintiffs reside in this District and the property that is the subject of this action is located in this District.

4.    At all material times hereto, Plaintiffs owned the property insured by Defendant located at 1145 Encore Way, Naples, Florida 34110 (the "Property").

### GENERAL ALLEGATIONS

5. Defendant is a Write-Your-Own Program ("WYO") carrier participating in the National Flood Insurance Program ("NFIP").

6. As a WYO carrier, Defendant can issue and administer a Standard Flood Insurance Policy ("SFIP") like the one issued to Plaintiffs.

7. As a WYO carrier, Defendant is obligated to perform significant administrative functions including the adjustment, settlement, payment and defense of all claims arising from the SFIP.

8. In consideration for the premiums paid prior to September 28, 2022, Defendant, in its capacity as a WYO carrier, issued a SFIP to Plaintiffs bearing policy number, FLD2689695, for the property located at 1145 Encore Way, Naples, Florida 34110 in COLLIER County, Florida (the "SFIP"). A true and correct copy of the Policy is not in the possession of Plaintiffs, but is in the care, custody, and control of Defendant. The Policy will be produced during discovery and will be filed by Plaintiffs after receipt from the Defendant.

9. The SFIP issued by Defendant included coverage for dwelling, other structures, personal property, and loss of use.

10. On September 28, 2022 ("Date of Loss"), Hurricane Ian made landfall in southwest Florida as a Category 4 hurricane producing high winds and catastrophic storm surge and flooding.

11. At all times material hereto, Plaintiffs owned the Property, up to and including on the Date of Loss.

12. On the Date of Loss, the Property was damaged as a result of flood, which is a covered loss under the SFIP. See Estimate of Damage, attached as **Exhibit "A."**

13. Plaintiffs reported the loss to Defendant and Defendant responded by assigning claim number 522921 (the "Claim").

14. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

15. Defendant inspected the Property in its investigation of the Claim.

16. Defendant denied coverage for Plaintiffs' Claim, thereby refusing to pay any insurance Benefits to Plaintiffs for Plaintiffs' Claim.

17. Defendant breached the Policy by denying Plaintiffs' Claim and by refusing to pay to Plaintiffs the full amount of damages sustained by Plaintiffs.

18. Plaintiffs have furnished Defendant with timely notice of the loss, proof of claim and have otherwise performed all conditions precedent to recover under the SFIP and under the applicable statutes and law, but Defendant has refused and continues to refuse to pay either part or all of the Plaintiffs' claim.

19. All conditions precedent to obtaining payment of insurance benefits under the SFIP have been complied with, met, or waived.

20. At all times material hereto, Defendant was not immune from liability for breach of contract pertaining to insurance coverage.

## **COUNT I – BREACH OF CONTRACT**

21. Plaintiffs adopt, re-allege, and incorporate by reference all allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22. Upon the issuance of the SFIP to Plaintiffs, Plaintiffs and Defendant entered into a valid and enforceable agreement.

23. At all times material hereto, up to and including the Date of Loss, the SFIP was in full force and effect.

24. Defendant breached the Policy by failing to pay the full amount of damages sustained by Plaintiffs.

ILG File #: 32030
Claim #: 522921
Case #: 2:24-cv-887

25. Defendant breached the SFIP by failing to properly evaluate Plaintiffs Claim and by failing to pay the full amount of the Claim in accordance with the policy provisions and applicable laws.

26. As a direct and proximate cause of said breach, Plaintiffs have, and continue to suffer, economic damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs, THE OPAL AT NAPLES LLC N/K/A THE ELITE ALF AT NAPLES LLC AND 2626 MANAGEMENT LLC, demand judgment against Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, for damages together with costs, and for such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury of all issues so triable.

Dated on September 24, 2024.

By:   /s/ Tania Williams
TANIA WILLIAMS, ESQ.
FL Bar No. 599425

INSURANCE LITIGATION GROUP, P.A.
*Attorney for Plaintiffs*
1500 N.E. 162nd Street
Miami, Florida 33162
Telephone:   (786) 529-0090
Facsimile:   (866) 239-9520
E-Mail: service@ILGPA.COM

ILG File #: 32030
Claim #: 522921
Case #: 2:24-cv-887